SATTERLEE (ROBINSON v.). See Cases Nos. 11,965–11,967.

SAUERWEIN (GALE v.). See Case No. 5,-191.

SAULE (HOWELL v.). See Case No. 6,782.

SAULSBURY, The WILLARD. See Case No. 17,681.

———

## Case No. 12,371.

### In re SAUNDERS.

[2 Lowell, 444; [1] 13 N. B. R. 164.]

District Court, D. Massachusetts. Nov., 1875.

BANKRUPTCY — ACCEPTANCE OF PREFERENCE — RIGHT TO VOTE FOR ASSIGNEE— PROOF OF DEBT.

1. A creditor who has never accepted a deed of trust made to a third person the enforcement of which would give him a preference, and who disclaims all interest in it, may prove his claim as unsecured.

2. A preferred creditor may surrender his preference at the first meeting, and vote for assignee, when the preference is of such a nature as to be effectually destroyed by such a surrender.

[Cited in The Illinois, Case No. 7,005.]

3. A mere agent to prove a note in bankruptcy, must prove it in the name and in behalf of his principal, if proof in his own name is objected to.

4. A proof of debt, in the mode required by statute, establishes a prima facie case, even under objection, and subject to counter proof, or to an order of court for further proof, without producing such evidence of handwriting, &c., as would be necessary in the trial of an action.

Proof of debt by secured creditor. W. A. Saunders, having land standing in the name

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

of his brother, and being deeply in debt, procured his brother to convey the land to A. E. Johonnot and R. E. Demmon in trust to pay certain notes mentioned in a schedule annexed to the deed. One creditor to a considerable amount held several notes not specified in the schedule. The deed was recorded, and just before the end of two months from its date, Mr. Huntington, the creditor before mentioned, and certain others, filed a petition in bankruptcy against W. A. Saunders, relying, among other things, upon this deed as an act of bankruptcy; and bankruptcy was adjudged. At the first meeting, Huntington objected to the proof of the notes secured by the trust deed; Johonnot, one of the trustees, testified that only one of the holders of the notes had been asked to assent to it, and he had peremptorily refused. The several holders gave evidence that they had never acceded to the deed in any way, and most of them had never heard of it. They all filed, as part of their affidavits of debt, a disclaimer of any interest under the deed. On the other side, three notes, held by Fairbank, Gill, and Fish, respectively, were objected to, on the ground that they were procured for the purpose of influencing the proceedings in bankruptcy. The evidence was, that Huntington, fearing that he should not be able to procure one-fourth in number and one-third in amount of creditors to join in his petition for adjudication, had applied to these three persons, to whom he owed debts, and asked each of them to receive a note of Saunders as collateral security. This they all did, and immediately, at the request of Huntington, signed the petition for adjudication. One of the notes offered for proof by a creditor was indorsed by the bankrupt, and objection was made at the hearing before the court that no evidence of its protest had been given.

G. W. Park, for Huntington.

M. Storey, for creditors under the indenture.

LOWELL, District Judge. The petitioning creditor, Mr. Huntington, was placed in a difficult position. He found on the records a deed of trust for the bankrupt's creditors, from which his notes appeared to be studiously omitted; and while he held debts sufficient in amount to enable him to make his debtor a bankrupt, and thus to avoid this preference, he could not multiply himself to make up the number now somewhat oppressively required by the statute. The case illustrates the serious obstacles which congress has lately interposed to shield a fraudulent debtor.

The courts, however, endeavoring to give the statute a reasonable construction, have held that creditors who have been preferred shall not count in estimating number or value, so that the petitioning creditor's arrangement to increase the number was perhaps unnecessary in this particular case. I have so held within a week past. In re Currier [Case No. 3,492].

When it comes to proof of debts at the first meeting, it turns out that the secured creditors all disclaim their security, and deny that they had ever accepted it. Now, although our law presumes the assent of creditors in such a case, in the absence of evidence to the contrary, yet there can be no doubt that they may dissent; and it would never do to permit a debtor to close the door of the first meeting against some of his creditors by giving them security behind their backs, and holding them to a presumed consent which they have never given. The opposing creditor suspects that these gentlemen might have taken up a different position if the two months had run out before a petition was filed. But I must decide by the sworn evidence, which gives no countenance to such a suspicion. Upon the evidence these creditors are neither secured nor preferred.

The case of Johonnot himself is different. He was at once a creditor and a trustee, and by receiving delivery of the deed as trustee without qualification, he assented to it as creditor. He swears not only that the deed was never acted on, but that it was abandoned before the petition was filed. Under these circumstances, I think he should be permitted to prove, even at the first meeting, upon making and delivering to the register for the use of the assignee, when appointed, a deed of the lands included in the conveyance.

I have before decided, for reasons satisfactory to my own mind, that security may, in many cases, be renounced and surrendered by a creditor at the first meeting. I am aware that there have been decisions to the contrary, founded upon the words of the statute, which says a surrender may be made to the assignee. But since a creditor, by proving his debt, ipso facto surrenders his security, and since a vote at the first meeting is often of much more importance than a piece of worthless security, I am not prepared to admit that a creditor who wishes to exercise this right is precluded by the permissive language of the statute, authorizing him to release to an assignee what he conclusively abandons by the mere proof of his debt. To guard against misapprehension, I have always required that a positive surrender or release, or whatever else the case might require, should be made.

The second question is, whether the three notes held by Messrs. Fairbank, Fish, and Gill, respectively, can be voted on separately in the choice of an assignee. Notwithstanding the form that was gone through of handing these notes to their present holders as collateral security, I think the fair result of all the evidence is, that they are merely agents of Mr. Huntington; and while it is true as a general proposition that one who

could sue a debt in his own name may prove it in his own name, yet I am of opinion that an agent holding negotiable paper, for the mere purpose of proof, cannot prove it, under objection, excepting in the name and for the benefit of the real owner. See, In re Lane [Case No. 8,043].

On the third point, I am of opinion that the holder of a note overdue, making due affidavit as required by the statute, makes out his prima facie case, subject to the discretion of the register and court to order further proof, and to the right of any creditor or person interested to offer counter proof. In a great many cases, perhaps in a majority, the creditor has no personal knowledge of the facts, and his affidavit would not be of the slightest value in any court of justice upon any issue involving those facts. But I never heard it suggested that a creditor is to be prepared or obliged, by the mere interposition of an objection, to produce such evidence as would be necessary at an ordinary trial of those facts. It is not too much to say that the bankrupt law would break down under the strain that such a necessity would put upon creditors. Order accordingly.