## LEAVENWORTH and others *v.* PEPPER and others.

*(Circuit Court, E. D. Missouri, E. D. November 2, 1887.)*

EQUITY—PLEADING—INFORMATION AND BELIEF.
   A bill in equity by the grandchildren of the grantor in an absolute deed, praying to have a constructive trust imposed upon the grantee in the conveyance, on the ground that the grantor was wanting in mental capacity when she executed it, and was induced to sign it by the fraudulent representations of the grantee's husband, is not demurrable because the allegations in the charging part, as to such representations, are made upon information and belief only.

In Equity. On demurrer to the bill.
*Dyer, Lee & Ellis*, for complainants.
*Hough, Overall & Judson*, for respondents.

THAYER, J., (*orally*.) In the case of *Leavenworth* against *Pepper and others*, a proceeding in equity, there is a general demurrer to the bill of complaint by certain of the defendants. The bill is filed by certain grandchildren, heirs at law of one Esther Leavenworth. It alleges, in substance, that Esther Leavenworth, in 1879, was the owner of four parcels of real estate in the city of St. Louis; that she was at that time feeble in body and mind, and unable to make a valid conveyance; that she was living with her son-in-law, who was acquainted with her condition, and took advantage of it, and induced her to make a conveyance of these four parcels of real estate to his wife, representing at the time that, in case of the grantor's death, the property could be more readily divided, and that his wife, the grantee, would hold the property in trust for the heirs at law of the grantor; that thereafter Esther Leavenworth died, when the son-in-law, contriving to cheat and defraud the heirs at law, induced his wife to sell one of the parcels of property for the sum of $2,500, which sum he appropriated; and further induced his wife to place a mortgage in the sum of $7,500 upon the remainder of the property, the proceeds of which mortgage he also appropriated. There is a prayer for special relief of various kinds, and also a prayer for general relief.

Now, unquestionably, upon the state of facts presented by the bill, the court would be authorized to enter a decree declaring that the conveyance made in 1879 was a conveyance upon trust for the heirs at law of the grantor, Esther Leavenworth, and awarding them such further incidental relief as would follow from that adjudication. There is no defect, therefore, in the substance of the bill. The particular point of objection made is that in the charging part of the bill, where it is alleged that Mrs. Leavenworth was in a feeble condition of mind and body, and incapable of making a valid conveyance, and in that part of the bill where it is charged that she was induced to make the conveyance by representations that the grantee would hold the property in trust for the heirs at law, the allegations are only made upon information and belief. This is supposed to be good reason why the defendants should not be called upon to answer the bill.

I think that position is untenable. If the court was asked to grant any interlocutory orders, such as to issue an injunction against making sales of any of the property pending suit, or if it was asked to appoint a receiver of the property pending the litigation, the court would look at the character of the averments, and finding that they were only made upon information and belief, it would probably refuse any such interlocutory orders; but the fact that these averments are made upon informa- and belief is no reason, in my judgment, why the defendants should not answer the bill.

The demurrer will therefore be overruled, and the defendants will be required to answer by the December rules.