In re SHAW.

(District Court, E. D. Pennsylvania. June 22, 1901.)

No. 605.

1. BANKRUPTCY—PROOF OF CLAIM—COMPETENCY OF CLAIMANT AGAINST ESTATE OF DECEASED BANKRUPT.

The calling of a claimant by the trustee of a deceased bankrupt for examination concerning a transfer of property to him by the bankrupt, claimed to be a preference, does not render him a competent witness to prove the validity of his claim under the Pennsylvania statute.

2. SAME—SUFFICIENCY OF PROOF—WEIGHT OF AFFIDAVIT.

The affidavit in support of a claim required by Bankr. Act 1898, § 57a, is sufficient proof prima facie, under clause "d" of the same section, to require the allowance of the claim, where it is not objected to, or where the objection made is based on a special ground, which is removed, or shown to be unfounded by the evidence.

In Bankruptcy. On certificate from referee concerning disallowance of claim of F. F. Kaufman.

George P. Rich and Henry C. Boyer, for creditor.
Hazard Dickson, for trustee.

J. B. McPHERSON, District Judge. The referee was right in refusing to consider the testimony of the claimant in support of the items of his account. The bankrupt was dead, and by virtue of section 5, cl. "e," of the Pennsylvania statute of 1887 (P. L. 158), the witness had become incompetent to testify upon this subject. Neither had he been made competent by virtue of the provisions of section 7 of the same statute. The trustee did not call him for cross-examination upon the items of his claim, but for examination concerning a transfer of property made to him by the bankrupt within four months preceding the adjudication; and, while it may be true that this transfer was made in attempted satisfaction of the claimant's account, nevertheless the examination of the trustee did not go into the items of the claim. It was the claimant's own counsel that examined him upon this point, and, although no objection to the testimony was made at the time, the subsequent objection made by the trustee was equivalent to a motion to strike out, and was properly allowed.

This left the claim without support, except the affidavit required by section 57a of the bankrupt act; and the further point to be considered is, what probative effect should be given to such affidavit?

I think clause "d" of the same section furnishes the answer. The affidavit is sufficient to require the allowance of the claim, whether the bankrupt be living or dead, for the bankrupt act says distinctly, "claims which have been duly proved [that is, sworn to as provided by clause "a"] shall be allowed upon receipt by, or upon presentation to, the court," except in two instances, which are immediately specified,—"unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion." In the present case the referee did not continue the claim for further consideration upon his own motion (the effect of such continuance will be determined when the question arises), but the trustee objected upon a ground that was thus specifically stated:

"The trustee is credibly informed that there was, within the period of four months of the filing of the petition in bankruptcy, a transaction had between Thomas Shaw and the present claimant, which would result in giving a preference to the present claimant; and therefore, as long as that transaction stands in its present form, the trustee excepts to the claim now presented."

What was the effect of this objection? Certainly, to suspend the allowance of the claim until the matter could be further inquired into; the burden of proof being upon the objector. This burden was assumed by the trustee. He called the claimant, and out of his own mouth proved the preference, but by the same witness he also proved that the goods delivered in preference had been redelivered to the trustee, and, the preference having thus been surrendered, the right of the claimant to urge the claim against the estate was revived. The situation then presented was this: The claim, sworn to as required by the act, was before the referee, and nothing was urged against it except the further objection of the trustee that it must be "supported by further proof, upon the ground that the testimony of Mr. Kaufman alone is not competent to sustain it." This objection does not touch the point now under consideration. It was a good objection to the parol testimony of the claimant, and was properly sustained; but, having been sustained, the sworn claim still remained and was entitled to be given some weight, even in opposition to the Pennsylvania statute, for the bankrupt act expressly so requires.

I think, therefore, that the claim might properly have been allowed, as no objection to it appears upon the record. But, as there may have been some misunderstanding about the scope and effect of the objection made by the trustee, I shall send the report again to the referee, with instructions to hear further testimony concerning the claim, if any party in interest has such testimony to offer, and to report thereon in due course as soon as may be convenient.