"Proceedings in bankruptcy generally are in the nature of proceedings in equity, and the words 'at law,' in the opening sentence (of section 2), conferring on the courts of bankruptcy 'such jurisdiction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings,' may have been inserted to meet clause 4, authorizing the trial and punishment of offenses, the jurisdiction over which must necessarily be at law, and not in equity. The section nowhere mentions civil actions at law or plenary suits in equity; and no intention to vest the courts of bankruptcy with jurisdiction to entertain such actions and suits can reasonably be inferred from the grant of the incidental powers in clause 6, to bring in and substitute additional parties 'in proceedings in bankruptcy,' and in clause 15, to make orders, issue process, and enter judgments 'necessary for the enforcement of the provisions of this act.' "

This express declaration of the supreme court seems to me to do away with the need for further discussion. This bill is certainly intended to institute a plenary suit in equity, and such a bill the district court has no power to entertain. The fact that the suit is formally entitled as if it were part of the bankruptcy proceedings against the corporation, and does not have a separate place and number upon the docket of the clerk, is obviously of no consequence.

The demurrer is sustained, and a decree may be entered dismissing the bill for want of jurisdiction, but without prejudice to the right of the complainants to bring an appropriate suit in a court of competent jurisdiction.

---

In re SHAW.

(District Court, E. D. Pennsylvania. January 13, 1902.)

No. 605.

BANKRUPTS—PROOF OF CLAIMS—SUFFICIENCY.
Exceptant filed a claim for commissions on orders secured by him for a bankrupt's business in 1897–1899. The claim was apparently based on a parol agreement, no copy of a written contract being attached, and was improbable, including commissions of 20 per cent. on orders secured from old as well as new customers. It was not included in the bankrupt's schedule, and was not mentioned by him on his examination, nor did it appear anywhere in the bankrupt's papers, and was not presented until after the bankrupt's death, though claimant was cognizant of the proceedings. *Held*, that the claim was not sufficiently proved by claimant's affidavit alone, and should be disallowed.

In Bankruptcy. Certificate of referee, disallowing claim of Frederick Kaufmann.

Hazard Dickson, for trustee.
Rich & Boyer, for creditor Frederick F. Kaufmann.

J. B. McPHERSON, District Judge. Without regard to the precise situation of the exceptant's claim against the bankrupt's estate,—whether it has been continued by the referee for further consideration, or has been already disallowed by him for lack of sufficient proof,—I think it best to end the controversy by a decision of the court on the merits. Giving to the exceptant's affidavit to his claim all the probative force to which the bankrupt act may entitle it (In re Shaw [D. C.] 109 Fed. 780), I am decidedly of the

opinion that the circumstances pointed out by the counsel for the trustee are sufficient to overcome the affidavit, and to leave the claim without adequate support. To use the language of the brief, these circumstances are:

"(1) In the schedule filed the bankrupt does not include this claim.

"(2) The bankrupt was examined at full length, and made no mention of this claim.

"(3) The present claimant was cognizant of the proceedings, for he was repeatedly in attendance at the meetings, and on one occasion, at least, was examined as a witness in another claim; yet, in spite of this knowledge of the pendency of the proceedings, he preferred no claim and gave notice of none until after the death of the bankrupt.

"(4) The claim appears to be based upon a parol contract, inasmuch as no written contract is alleged, and no copy of a written contract attached to the claim filed.

"(5) The contract is grossly improbable, inasmuch as it embodies a claim of 20 per cent. of the contract price of such work as might be brought to the shop by customers secured by the claimant, even long after their relations with Mr. Shaw had been established.

"(6) There is nothing in the books or papers of the bankrupt, coming into the hands of the trustee, tending to support the claim."

In addition to these considerations, it should be observed that much the larger part of the claim is made up of commissions charged on the amount of orders secured for the bankrupt's business by the exceptant during the years 1897, 1898, and 1899; and, as the adjudication was not entered until May, 1900, the trustee urges against the validity of these charges, and I think correctly urges, the presumption that such an item is usually settled for promptly, and is not allowed to run on for months or years. This presumption is no doubt rebuttable, but no such evidence was offered by the exceptant. Taking all the evidence together, therefore, direct, negative, and presumptive, I am unable to find that the claim has been proved. It is accordingly disallowed.

---

In re MANNING.

(District Court, E. D. Pennsylvania. February 1, 1902.)

No. 1,029.

1. BANKRUPTCY—EXEMPTIONS—APPLICATION OF STATE LAWS.
    While the bankrupt act recognizes the bankrupt's right to exemptions, it refers to the state law as the source from which the right arises, and what the state law does not give cannot be set aside as exempt by the trustee.

2. SAME—SETTING APART—VALUING ITEMS SEPARATELY.
    Under the laws of Pennsylvania, a trustee in bankruptcy, in setting aside as exempt household goods and book accounts, must itemize them, and value each item separately.

3. SAME—PROCEEDS OF FUTURE SALE OF PERSONALTY.
    Under the laws of Pennsylvania a trustee in bankruptcy cannot set apart as exempt cash out of the proceeds of a future sale of the bankrupt's personal property.

4. SAME—REPORT—REQUIREMENTS OF BANKRUPT ACT.
    General Order 17 (32 C. C. A. xix., 89 Fed. viii.), declaring that the trustee in bankruptcy shall report the articles set apart as exempt, with