### In re CANNON.

(District Court, E. D. Pennsylvania. December 16, 1904.)

#### No. 1,766.

1. BANKRUPTCY—OBJECTIONS TO CLAIM—FORM.
    While, as a rule, objections to a claim by a trustee should be filed in writing prior to the hearing thereon, such practice is not imperative, and an oral statement of the objections may be permitted by the referee, in his discretion.

2. SAME—HEARING BEFORE REFEREE—CREDIBILITY OF WITNESSES.
    Upon the hearing on a contested claim, the referee should of his own motion consider the credibility of the witnesses and of their testimony; and he is not obliged to allow the claim, even if the testimony in its support is uncontradicted.

In Bankruptcy. On certificate of referee concerning rejection of certain claims.

Greenwald & Mayer, for trustee.
Higgins & Higgins, for claimants.

J. B. McPHERSON, District Judge. Formal proof was filed before the referee by each of three wage claimants on December 29, 1903, and upon the same day the trustee objected orally to each claim, stating that he would afterward file objections in writing. In consequence of this action of the trustee, the claims were not allowed, but were held under advisement. On January 11, 1904, the trustee called the bankrupt and the respective claimants as witnesses, and examined them concerning the validity of these accounts. The written objections of the trustee were filed on January 12th, and the claims were disallowed by the referee on April 5th; his disallowance being the principal subject of the certificate now under review.

A preliminary question is raised by the refusal of the referee to sustain the objection of the claimants' counsel to the examination of the witnesses "because no formal exception to the claim

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 526.

has been filed by the trustee." This position is based upon the assumption that the trustee must put his objections in writing before the claim can be attacked by testimony or other evidence. No doubt, it is desirable that the trustee's objections shall be clearly and distinctly stated in advance of the investigation, so far as this may be possible, in order that the claimant may know what he is to be called upon to meet. But this information may be communicated to him in several ways. The trustee's objections may be noted by the stenographer, as was the case in Re Shaw (D. C.) 109 Fed. 780; or they may be stated orally, as was done in the instance now under consideration, if the referee permits this course to be pursued; or they may be filed in writing, this being the method which the claimants insist upon as the exclusive method. Undoubtedly the last-named practice has obvious advantages, and should be followed, as a rule, wherever reasonably practicable; but the bankrupt act does not require objections to be always in writing, section 57d (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) directing the allowance of claims that have been duly proved, "unless objection to their allowance should be made by parties in interest, or their consideration be continued for cause by the court upon its own motion." The manner of making such objection is thus left open, and should, I think, be largely committed to the discretion of the referee. It is conceivable that, while a trustee might have enough information to justify him in entering objection to a particular claim upon a ground which he might be able to state in general terms, he might not have information sufficiently precise to permit him to file specific objections in advance of the hearing; and I think it would be going too far to require him to make an attempt that could only result in failure. Whatever will give sufficient preliminary information to the claimant concerning the character of the trustee's objection is, I think, all that can fairly be required, especially when this is afterwards supplemented, as in the present case, by specific objections in writing. As the burden is on the trustee to overcome the prima facies of the formal proof (Re Sumner [D. C.] 101 Fed. 224; Re Shaw [D. C.] 109 Fed. 780; Re Wooten [D. C.] 118 Fed. 670), no harm is done to the claimant by allowing the trustee a reasonable latitude for investigation. It is clear that no harm was done to these particular claimants, for they understood distinctly that each claim was objected to in its entirety, on the ground that nothing whatever was due, and the examination of the witnesses was directed to this point alone.

On the merits, I see no reason to differ from the referee's findings. He has found that the testimony in support of each claim was so unsatisfactory that he could not accept it, and my own consideration has led me to the same conclusion. I adhere to what was said in Re Domenig, 11 Am. Bankr. R. 555, 128 Fed. 148, in reference to the credibility of witnesses:

"Much will necessarily depend on the manner of the witness while under examination, and referees should feel themselves obliged to consider of their own motion the credibility of the witness and of the story that is told, even

if there should be no opposing testimony. The mere fact that the witness has not been contradicted does not require the acceptance of the testimony."

It seems to me that no impartial mind can examine the evidence offered in support of these claims without finding itself unable to rely upon the accounts that were presented to the referee for acceptance.

The rejection of the claims is accordingly approved.