### In re T. A. McINTYRE & CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 92.

1. BANKRUPTCY (§ 340*)—PROOF OF CLAIM—STOCKBROKERS—SHARES PURCHASED ON MARGIN—EVIDENCE.

Where bankrupts, who were stockbrokers, on April 15, 1907, purchased 100 shares of certain stock for claimant, on which he had paid margin amounting to $5,050.05, the fact that their books showed that on July 5, 1909, they received 8,465 shares of such stock and delivered 8,460 shares, was insufficient to establish that the brokers on that day converted claimant's stock, so as to entitle him to recover the total amount of his margins, instead of the amount of a credit balance on the sale of the stock.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 458*)—CLAIMS—PROOF OF CLAIM—PRIMA FACIE EVIDENCE—BURDEN OF PROOF.

Where claimant before a referee in bankruptcy did not stand on his proof of claim and insist that the burden of proof was on the objectors, but offered evidence which was insufficient to establish the allegations in his proof of claim, he could not thereafter on appeal use such allegations to support the deficiencies of his testimony, under the rule that, though proof of claim has probative force, it cannot be regarded as self-proving, unless so relied on.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. § 458.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of T. A. McIntyre & Co., bankrupts. Application of David A. Niven for the allowance of a claim for margins amounting to $5,050.05. From an order allowing the claim to the extent of only $1,350.87, affirmed by the District Court, claimant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prior to April 24, 1908, the bankrupts were stockholders doing business in the city of New York. On April 15, 1907, the claimant, Niven, purchased through them on margin 100 shares of the Distillers Securities Corporation at $70 per share. The margin required was paid at the time of the purchase, and additional margin payments were subsequently made. The total amount paid as margin was $5,050.05.

The brokers failed on April 24, 1908, and at that time the balance due upon the purchase price of said shares was $1,899.13. This balance was not paid, and the account of the claimant was closed by the sale of said shares at the market price then existing. This left a credit balance due the claimant of $1,350.87. The claimant never at any time tendered to the brokers the balance due upon the purchase price of said shares and demanded them.

The claimant presented a demand against the bankrupts' estate for said sum of $5,050.05 paid as margins, alleging, in substance, in his proof of claim, that he had the right to rescind the contract between himself and the brokers and recover the margins paid by reason of their conversion of the said shares on July 5, 1907.

The claimant, without objection, went forward before the referee and offered to support his claim by the books of the brokers. The only evidence, however, presented to establish the fact of conversion, was the testimony of a witness that the brokers' stock record book showed that on July 5, 1909, they received 8,465 shares of Distillers stock and delivered 8,460 shares. There was no testimony upon the question whether upon that day the brokers had other shares of said stock pledged with or in the name of other persons.

The referee allowed the claim of the appellant to the extent of said credit balance of $1,350.87, and no more. The action of the referee was affirmed by the District Court, and the claimant appealed.

Merrill & Rogers (A. L. Holbrook, of counsel), for appellant.
Irving L. Ernst and D. R. Cobb, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The basis of the claimant's demand is the conversion of his stock. The only evidence tending to establish a conversion is the entries in the stock record book showing that upon one particular day there was a difference of only five shares between the receipts and deliveries of Distillers stock. From this testimony the claimant seeks to draw the inference that on that day the brokers must have disposed of, and consequently have converted, his stock.

But the testimony does not warrant the drawing of this inference. There is nothing to show that, if the claimant had demanded his stock on the day in question, he would not have received it. The entries do not show necessarily that the brokers did not have under their control sufficient shares to make delivery. They may, in regular course of business, have parted with the possession of as many shares as they received, and yet have retained subject to their absolute control in the possession of another sufficient stock to meet the claimant's demand. If they did this, there was no conversion. Lawrence v. Maxwell, 53 N. Y. 19; Horton v. Morgan, 19 N. Y. 170, 75 Am. Dec. 311; Douglas v. Carpenter, 17 App. Div. 329, 45 N. Y. Supp. 219; Am. & Eng. Encyc. of Law (2d Ed.) § 1057; Jones on Pledges (2d Ed.) § 507.

Upon the testimony regarding the book entries the claimant failed to establish his claim before the referee. He contends, however, that the allegations of his proof of claim constituted prima facie evidence

of conversion, and that the burden was upon those objecting to his claim to show that the bankrupts at all times had the shares or their equivalent in their possession or under their control. Concededly this was not affirmatively shown, and, consequently, he urges that his claim must stand as established.

It is undoubtedly true that a sworn proof of claim has probative force. It is prima facie evidence of its allegations even when objected to. In the recent case of Whitney v. Dresser, 200 U. S. 532, 535, 26 Sup. Ct. 316, 317, 50 L. Ed. 584, Mr. Justice Holmes, said:

"The words of the statute suggest, if they do not distinctly import, that the objector is to go forward, and thus that the formal proof is evidence even when put in issue. The words are: 'Objections to claims shall be heard and determined as soon,' etc. Section 57f [Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443)]. It is the objection, not the claim, which is pointed out for hearing and determination. This indicates that the claim is regarded as having a certain standing already established by the oath. * * * We believe that the understanding of the profession, the words of the act and convenient and just administration all are on the side of treating a sworn proof of claim as some evidence even when it is denied."

There would, therefore, be much force in the claimant's contention, if he had taken the same position before the referee. He might properly have stood upon his proof of claim, and have insisted that the objectors should go forward. But he did not do so. He offered to establish the allegations of his proof of claim by the entries in the stock record book, and contended that the inference to be drawn therefrom supported the charge of conversion. Having thus attempted to establish the allegations in his proof of claim, he cannot be permitted to use those very allegations to supply the deficiencies in his testimony. A proof of claim may have some probative force; but it certainly should not be regarded as self-proving, unless relied upon.

The decision of the District Court is affirmed, with costs.