## In re UNITED WIRELESS TELEGRAPH CO.

(District Court, D. Maine. December 9, 1912.)

### No. 268.

1. BANKRUPTCY (§ 340*)—PROOF OF CLAIM—EVIDENCE.

A sworn proof of claim is prima facie evidence of the statements made therein, even in case the claim is objected to; being regarded more as a deposition than a pleading.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 340*)—PROOF OF CLAIM—SUFFICIENCY.

In a proof of claim, the statement of the claim and of its consideration must be full and explicit; and a proof in which as to a part of the claim no consideration whatever is stated, and, as to a part, it is stated that claimant was in the employ of the bankrupt for a specified time, and that when he left the employment a certain sum was due him as salary, without stating the nature of his employment, is insufficient as to both items.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

3. BANKRUPTCY (§ 330*)—PROOF OF CLAIM—SUFFICIENCY.

An allegation on information and belief, on a vital point in a proof of claim in bankruptcy, is not sufficient as proof of such allegation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 517, 519, 521; Dec. Dig. § 330.*]

In the matter of the United Wireless Telegraph Company, bankrupt. On review of order of referee rejecting claim of Martin M. MacRae. Affirmed.

Howard H. Williams, of New York City, and Symonds, Snow, Cook & Hutchinson, of Portland, Me., for claimant.

Woodman & Whitehouse, of Portland, Me., for trustee.

HALE, District Judge. The certificate of the referee presents for consideration the correctness of his order rejecting the claim of Martin M. MacRae. The proof of claim is as follows:

At the city of New York, state of New York, on the 11th day of January, 1912, came Martin M. MacRae, of No. 527 West 110th street, of New York, county of New York, state of New York, and made oath and says:

That the United Wireless Telegraph Company, against whom a petition for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said deponent in the sum of two thousand two hundred twelve and $10/100$ ($2.212.16) dollars.

That the consideration of said debt is as follows: Deponent was in the employ of the American De Forest Wireless Telegraph Company as and from on or about the 1st day of November, 1903, until on or about the 1st day of November, 1906. At the time that deponent left the employ of the said American De Forest Wireless Telegraph Company, that concern owed him for salary, in cash, the amount of, $1,177.94, which, with interest computed at the rate of 6 per cent. per annum to July 24, 1911, amounts to the sum of $1,512.47. And the said American De Forest Wireless Telegraph Company also owed deponent, at the time he left its employ as aforesaid, the sum of $544.93, which sum, however, was, according to agreement, to have been paid by the issuance and delivery to deponent of preferred stock of the American De Forest Wireless Telegraph Company, computed on the basis of the average or prevailing selling price for said stock. That said stock was never issued and delivered to deponent. Wherefore deponent claims he is entitled to be paid the said sum, which, with interest computed thereon at the rate of 6 per cent. per annum to July 24, 1911, amounts to the sum of $699.69, therefore making deponent's total claim herein, with interest due and payable on the 24th day of July, 1911, amount to the total sum of two thousand two hundred twelve and $10/100$ ($2,212.16) dollars.

On information and belief, that after deponent withdrew from said American De Forest Wireless Telegraph Company, the United Wireless Telegraph Company, now bankrupt, took over said American De Forest Wireless Telegraph Company, assumed the latter's debts and liabilities, and applied its assets. That said United Wireless Telegraph Company called in the stock of said American De Forest Wireless Telegraph Company, and by due procedure issued stock of the United Wireless Telegraph Company in exchange to holders of the stock of the American De Forest Wireless Telegraph Company.

That deponent thereafter made demand upon the United Wireless Telegraph Company, and was assured by officers thereof that the same should and would be honored.

That no part of said debt has been paid.

That there are no set-offs or counterclaims to the same.

That deponent has not, nor has any person by his order, or, to his knowledge and belief, for his use, received any manner of security for said debt whatever.

That no note has been received therefor, nor any judgment rendered thereon.

The above claim was duly verified by oath.

[1] 1. Does the above instrument contain sufficient allegations to constitute, prima facie, a proof of claim under the Bankrupt Law?

A sworn proof of claim is prima facie evidence of its allegations, even in case the claim is objected to. Bankruptcy proceedings are somewhat summary in their character, and the proof of claim is regarded as a deposition rather than as pleading. It has the force of evidence. Whitney v. Dresser, 200 U. S. 532, 535, 26 Sup. Ct. 316, 50 L. Ed. 584; In re Sumner (D. C.) 101 Fed. 224; In re Shaw (D. C.) 109 Fed. 780; In re Cannon (D. C.) 133 Fed. 837; In re Carter (D. C.) 138 Fed. 846; In re Saunders, 2 Lowell, 444, 446, Fed. Cas. No. 12,371; In re Baumhauer (D. C.) 179 Fed. 966, 967. In the Castle Braid Co. Case (D. C.) 145 Fed. 224, 228, in discussing the force of allegations in proofs of claim, Judge Ray, of the Southern district of New York, said:

"The allegations of the proofs of claim are to be taken as true. If they set forth all the necessary facts to establish a claim, and are not self-contradictory, prima facie, they establish the claim, even in the presence of objec-

tions; and the objector is then called upon to produce evidence and show facts tending to defeat the claim, of probative force equal to that of the allegations of the proofs of claim. The burden of proof is always on the claimant; but, as probative force is given to the allegations of the proofs of claim, and no probative force is given to the objections, this must be met, overcome, or at least equalized, by the objecting party."

The trustees contend that, while a proof of claim is prima facie evidence of its allegations, such allegations in the claim now in question are not sufficient to constitute a valid proof of claim, in that they fail to adequately state the claim and the consideration therefor, as required by section 57a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]).

[2] Under the Bankrupt Law, creditors have an interest in each claim presented, and a right to know its nature. They can know this only through the proof of claim. The statement of the claim and of its consideration must be full and explicit, in order to enable creditors to investigate its adequacy. A claim cannot be said to be "proved," and entitled to allowance, unless the proof of it is properly verified, and gives sufficient facts to advise the creditor of its justice and legality, and the consideration for it. In re Coventry Evans Furniture Co. (D. C.) 166 Fed. 516. A claim for "legal services performed during the year 1908" is held insufficient, because it is of a too general character, and affords no light to the parties in interest, in relation to the exact character of the services. In re Scott (D. C.) 93 Fed. 418. The Bankruptcy Law requires in a proof of claim more than a general allegation of the consideration. Such proof should inform the trustee with particularity in relation to the precise character of the services rendered and the consideration therefor. In re Stevens (D. C.) 107 Fed. 243.

In the first item of the proof of claim before me the deponent makes oath that he was in the employ of the American De Forest Telegraph Company "from on or about November 1, 1903, to on or about November 1, 1906," and that the amount of $1,177.94 was due him for salary when he left the company's employ. It appears, then, by the verified claim, that the deponent was an officer under a salary; but it does not appear what the character of his employment was. The deposition does not show what the officer did to earn his money; no distinct consideration is given. The proof of claim before me is not so specific as in the Scott Case, for there the proof alleged "legal services," or services of a lawyer; but in the case at bar even such description of the character of the employment is not given. In The Goble Boat Co. (D. C.) 190 Fed. 92, the proof contained a statement of the claim, and of its consideration, more specific than that in the case at bar. The proof in that case stated a claim for compensation for "labor as manager of the plant"; but the court held it defective. It seems to me clear that this item of the proof before me does not state the character of the services, and the consideration for them, in so full and specific a manner as to enable creditors to pursue a proper and legitimate inquiry as to the fairness and legality of the claim.

The second item of the proof of claim sets forth that the American De Forest Wireless Telegraph Company also owed deponent, at the

time he left its service, the sum of $544.93, which sum, according to agreement, was to have been paid by the issuance and delivery to the deponent of preferred stock of the American De Forest Wireless Telegraph Company, computed on the basis of the average prevailing price for said stock. This item of $544.93 is clearly outside of and beyond the item for salary. We have the mere statement that the bankrupt owed the claimant a certain sum of money; but for this sum no consideration whatever is named. No time is fixed at which the debt was incurred, or at which it was to be paid. If we look upon this item as merely a claim for damages for failure to deliver stock, it appears that no amount of damages is alleged, and no value is assigned for the stock. No statement appears that the stock was of value or whether or not the claimant was damaged in any way by failure to deliver the stock. No consideration is alleged for this item.

I am constrained to hold that the deponent in this case has set forth a mere *statement* of claim, but not a "proof" of claim, within the meaning of the Bankruptcy Law.

[3] 2. The items of the alleged indebtedness are alleged to have been created by agreement between the deponent and the American De Forest Wireless Telegraph Company. The allegation which charges the United Wireless Telegraph Company, the bankrupt in this case, with liability for this debt of the American De Forest Wireless Telegraph Company, is made solely on information and belief. The deponent does not swear that the Wireless Company assumed the debts and liabilities of the American De Forest Wireless Telegraph Company. The deponent swears, merely, that he is informed and believes that the bankrupt assumed the debts and liabilities of the American De Forest Wireless Telegraph Company. Whitney v. Dresser decides that the verified proof of claim is prima facie evidence of the allegations in the proof. In the case before me the deponent alleges, not the substantive fact of the assumption by the bankrupt of the debts of the American De Forest Wireless Telegraph Company, but his information and belief touching such assumption. The oath of deponent, then, merely verifies his information and belief. In the Greenfield Case (D. C.) 193 Fed. 100, the District Court in the Eastern District of Pennsylvania had this question before it, but did not decide it. The court said:

"The case under consideration suggests another question, namely, whether Whitney v. Dresser applies to a situation where the proof of claim is sworn to by a person who makes the affidavit, not upon the primary knowledge which a creditor himself may be fairly supposed to possess, but upon secondary evidence, such as the information to which the trustee of a bankrupt creditor is ordinarily confined. In other words, while an ex parte affidavit by one having personal knowledge of the facts is to carry a presumption of validity, shall a similar presumption be extended to an affidavit made by one who is only repeating information obtained from others?"

I have disposed of the matter before me on another point, and there is perhaps no occasion for me to decide the question relating to the allegation upon information and belief. But, as the practice of the court is involved in it, I think it well to say that in my opinion the

vital facts to support a proof of claim should be made to appear by positive averments, founded upon the deponent's knowledge, and not upon his belief. The same question has often arisen in equity proceedings. In the equity courts, allegations merely upon information and belief, unsupported by proof, are not sufficient to sustain an injunction. In re Bloss, Fed. Cas. No. 1562; Leavenworth v. Pepper (C. C.) 32 Fed. 718; Brooks v. O'Hara (C. C.) 8 Fed. 529; Bigbee v. Satterfield, 105 Ga. 841, 32 S. E. 139. I can see no reason why the rule adopted in equity practice should not apply to a similar matter in a bankruptcy proceeding. A proof of claim derives its force largely from the fact that it is taken, not as pleading, but as evidence. It is not merely for the purpose of stating the case, but for "proof." I think an allegation upon information and belief upon a vital point in a proof of claim in bankruptcy is not sufficent to sustain such proof.

The deponent further says that:

"He thereafter made demand upon the United States Wireless Telegraph Company, and was assured by the officers thereof that the same [namely, the debt stated] should and would be honored."

This allegation is not, in my opinion, an affirmative statement of the transfer of the debts and liabilities of the American De Forest Company to the Wireless Company. A statement of assurance by the officers that the same should and would be honored is not a formal allegation of the transfer of the debt to the Wireless Company, and of its assumption of such debt. It is still true that the vital fact of the transfer of the claim from the American De Forest Company to the United Wireless Company, and the assumption of same by the United Wireless Company, is stated only on information and belief.

The certificate of the referee, rejecting the claim of Martin M. MacRae, is affirmed.