## In re WELBORNE.

## Claim of LITTHAUER.

(District Court, S. D. New York. April 24, 1920.)

1. **Bankruptcy ☞330—Statement of claim under oath is prima facie proof of validity.**

The statement under oath of a claim against a bankrupt makes a prima facie case, and if it conforms to the requirements of the statute and is not objected to proves the claim, and if objected to it still is prima facie proof of the validity of the claim.

2. **Bankruptcy ☞330—Procedure on supplementary proof of claim.**

Where a claim as filed was not sufficiently specific, and to save time the referee permitted claimant to supplement it by oral testimony, which supported the claim, such testimony will be regarded as written into the claim and as making a prima facie case.

In Bankruptcy. In the matter of Walter E. Welborne, doing business as Welborne & Co., bankrupt. On review of order of referee disallowing claim of Edward L. Litthauer. Reversed.

Archibald Palmer, of New York City (C. Edward Benoit, of New York City, of counsel), for claimant.

John L. Lyttle, of New York City, for bankrupt.

MAYER, District Judge. This is a review of an order of the referee disallowing Litthauer's claim. The procedure before the referee brings up an important question of practice.

Under date of March 12, 1919, Litthauer filed with the referee a claim for $1,875.65. Attached to the claim, and apparently as a part thereof, was the following in the nature of attempted detailed information:

"50 per cent. of profits made in sales by the above-named bankrupt to the Submarine Boat Company, Wright–Martin Airplane Company, New York Shipping Board, Federal Shipbuilding Company, Navy Department, in accordance with terms of agreement between the bankrupt and said Edward L. Litthauer, $1,875.65."

It will be noted that the claim does not set forth whether the agreement was written or oral, nor does it give any information as to the amount of profits upon each sale, nor the date of the sale. The proof of claim as filed was insufficient, and upon objection could have been properly disallowed.

The bankrupt offered a composition of 60 per cent. to his creditors, and that offer of composition was confirmed by order of this court. The result is that the bankrupt is necessarily interested in seeing that only just and proper claims are allowed against him.

His attorney moved for a bill of particulars, which the attorney for claimant did not furnish, and the failure so to do, so far as can be gleaned from the record, was because such was not the correct procedure. Thereupon the referee concluded that the particulars of the claim could be supplemented by the oral testimony of the bankrupt, and that such course was preferable to taking an adjournment

for the purpose of furnishing a bill of particulars. The claimant thereupon testified to an oral agreement with the bankrupt, which in substance and effect was that the bankrupt had agreed with claimant to give him 50 per cent. of the profits on sales made by him and to allow him $40 a week as expense account. It can readily be seen that in a case of this kind it is difficult for a claimant, without access to the books of the bankrupt, to prove what the profits on the sales were, and therefore to prove what 50 per. cent. of said profits was.

The claimant testified that one Ennis, who was the manager of the bankrupt, gave him a memorandum, which is set forth in detail (at page 12 of the typewritten minutes), noting the profit on various sales, which profit aggregated $3,589.34. At an adjourned hearing the original claim was reduced by the claimant to $1,515.85.

Ennis was called by the claimant, but, owing to various objections to proffered testimony, not much light was thrown on the situation. The bankrupt's former attorney was also called, and his testimony was properly taken, because the transactions to which he referred were not solely between his client and himself, but in the presence of a third party, to wit, the claimant. He testified to certain conversations and transactions, which need not be referred to, but which showed at least that Litthauer had come into business contact with the bankrupt. At the conclusion of the testimony of Litthauer, Ennis, and the bankrupt's former attorney, a motion was made on behalf of the bankrupt to strike out all the testimony of Litthauer on the ground that it had not been connected. This motion was granted, and thereupon a motion was made to dismiss the proof of claim on the ground "that no contract whatever has been proven." This motion was also granted, and the claim dismissed.

[1] The proper procedure in respect of allowing or disallowing claims has long been settled in this district. In the case of In re Sumner (D. C.) 101 Fed. 224, Judge Thomas pointed out that the "statement under oath," referred to in section 57a of the Bankruptcy Act (Comp. St. § 9641), "is at once the claimant's pleading and his evidence, and makes for him a prima facie case." Collier states:

"A claim proven as required by the act should be received and filed by a referee receiving it, and amounts to a prima facie case, thus proving the debt for all purposes in the proceedings, unless objected to or continued for consideration. * * * Even if objected to, the sworn proof of claim is prima facie evidence of its validity. * * *" Collier on Bankruptcy (11th Ed.) p. 783.

Remington (2d Ed.) p. 594 et seq., is to the same effect. See, also, In re Shaw (D. C.) 109 Fed. 780; Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584; Matter of McIntyre & Co., 174 Fed. 627, 98 C. C. A. 381; In re United States Wireless Telegraph Co. (D. C.) 201 Fed. 445.

[2] In the case at bar, the orderly procedure would have been to require the claimant to amend his proof of claim to the extent necessary to conform with the Bankruptcy Act and rules; i. e., to make clear upon the face of the claim at least the nature of the agreement. As, however, the referee, in order to save time which might have

been lost by an adjournment, permitted the claimant to supplement the defects of the claim by oral testimony, this testimony will be regarded as written into the claim, and as now constituting the claimant's claim. As such, the claim in accordance with settled authority "amounts to a prima facie case." I do not need to determine how much in money the claimant has shown, because that will be a matter for consideration hereafter.

Upon the record before me it is impossible to understand upon what theory the claim was disallowed. Counsel for the bankrupt suggested in argument that the referee did not believe there was any agreement between the claimant and the bankrupt, and that this belief was due to the fact that there were some inconsistencies in the claimant's testimony. I am unable to find any serious inconsistencies in this testimony, and on the record as it now stands the claimant is entitled to something. The oral agreement which he testified he made with the bankrupt is the kind of agreement which business men frequently make with each other. The fact that claimant did not make a demand while the bankrupt was away, and during the 60 or 90 days period of credit upon which the goods were sold, is not at all strange. The case is very much as if a court refused to send a case to the jury, even though there was some evidence to support a plaintiff's claim. A judge or referee, as the trier of the facts, is only justified in discarding uncontested testimony, where that testimony is so unusual and extraordinary as to be manifestly inconsistent with truth. No such situation is presented by this record.

The claim is therefore sent back for further hearing, and the procedure will be as follows: The testimony already in will be accepted as prima facie evidence of the claim. The bankrupt may then offer such proof as he may be advised. The bankrupt may, of course, further examine Litthauer, Ennis, or Lamison as he may be advised, and each side may offer such evidence of persons or documents as it may be advised. The referee will then report upon the merits. He will satisfy himself as to whether the claimant has any claim, and, if so, for what amount.

In the circumstances, I think it will be advisable to send the matter to another referee, and to that end I designate Referee Olney to hear the claim in accordance with these instructions.